# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CARMEN PEREZ-ROSARIO on behalf of
A.G.J., a minor,

Plaintiff,

-vs-                                                   Case No.  6:07-cv-774-Orl-DAB

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument[1] on review of the Commissioner's

denial of Plaintiff's application for supplemental security income on behalf of her minor child (herein

"the Child").  For the reasons set forth herein, the decision of the Commissioner is **REVERSED and**

**the matter is REMANDED**.

### PROCEDURAL HISTORY

Plaintiff filed an application for Childhood Supplemental Security Income on behalf of her son

on October 5, 2004, asserting an onset date of August 1, 2003 (R. 53-81).  The application was denied

initially and upon reconsideration (R. 36-41, 47-52).  Plaintiff timely requested and received an

administrative hearing, which was held via video before an Administrative Law Judge ("the ALJ")

(R. 271-295).  In a hearing decision dated October 12, 2006, the ALJ found Plaintiff not disabled (R.

14-28).  Plaintiff filed a Request for Review with the Appeals Council, but the Council denied the

request on March 15, 2007 (R. 3-6), making the ALJ's decision the final decision of the

---

[1]Although Plaintiff requested oral argument in this matter, as the Court finds that error is readily apparent on review
of the papers, it is **denied** as unnecessary.

Commissioner.  The instant action followed (Doc. No. 1), and the parties have briefed the issues and

waived oral argument.  The matter is now ripe for review.

### NATURE OF CLAIMED DISABILITY

The Child was born in 1998 (R. 53), was eight years old at the time of the ALJ's hearing

decision and a student in second grade (R. 17, 277).  Plaintiff claimed that the Child is disabled

because he is "hyperactive; aggressive; fights with all children -- cannot be in groups" (R. 58).

*Summary of Evidence*

The evidence, both medical and otherwise, is set forth in great detail in the ALJ's opinion.

In order to protect the privacy of the Child, the Court does not set forth all of the evidence here, but

refers to the evidence only to the extent necessary herein.

By way of summary, the record includes school records setting forth behavior and

performance difficulties.  The records indicate that, as early as kindergarten, the Child was disciplined

on several occasions for "disobedience," "violence and/or intimidation," and vandalism (R. 134, 137-

8, 140).  The behavior escalated, and the Child was suspended for fighting (R. 162-3).  In addition to

behavior problems, the Child was performing poorly in regular classes, and  had to repeat

kindergarten and second grade (R. 82-89; 131-140, 162-64, 245-71, 288).

The record includes medical records from the Child's physician (R. 165-80), which indicated

that the Child had asthma, and clinical records from the Ramsey Youth and Family Counseling Center

(R. 195-208).  Evidence submitted to the Appeals Council indicates that the Child was hospitalized

on June 21, 2006, pursuant to the Baker Act, following an incident of threatened physical violence

against his siblings and damage to the family home (R. 261).[2]  His mental health counselor testified at the administrative hearing as to the Child's suicidal and homicidal ideations, and described a suicide attempt (R. 290-93).

The record also includes evaluations from consultative examiners, as well as non-examining physicians and psychologists.  At hearing, the Child testified, as did his mother (through an interpreter), and his mental health counselor.  In her decision, the ALJ determined that the Child had the severe impairments of attention deficit hyperactivity disorder and asthma, but that the impairments did not meet, medically equal, or functionally equal any listed impairments.  On behalf of her Child, Plaintiff appeals.

### STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C.§ 405(g).  Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the

---

[2]Although this evidence was not before the ALJ, it was before the Commissioner as it was submitted to the Appeals Council and made a part of the administrative record.  The Court properly considers whether this evidence "renders the denial of benefits erroneous," and warrants a remand under sentence four of 42 U.S.C. § 405(g).  *Ingram v. Commissioner of Social Security*, 496 F.3d 1253, 1262 (11th Cir. 2007).

reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### ISSUES AND ANALYSIS

Plaintiff raises two arguments on behalf of the Child, asserting that: 1) the ALJ failed to weigh and consider the opinion of the consultative psychologist, Dr. Shuy, and 2) the ALJ's finding that the Child's domain of attending and completing tasks was less than markedly limited is not supported by substantial evidence. Because the ALJ did not implicitly or explicitly set forth an explanation as to the weight (if any) given to the opinion of the consultative psychologist, and the finding is itself inconsistent with that consultative opinion and the other evidence specifically noted and credited by the ALJ, the matter must be remanded.

As explained by the Commissioner in his brief, the definition of childhood SSI disability provides that an individual under the age of eighteen shall be considered disabled if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(I); 20 C.F.R. § 416.906 (2007). The regulations define the statutory standard of "marked and severe functional limitations" as "a level of severity that meets, medically equals, or functionally equals the

listings." 20 C.F.R. § 416.902; *see also* 20 C.F.R. §§ 416.906, 416.924(a), 416.926a(a); 20 C.F.R. pt. 404, subpt. P, app. 1 (the "Listing of Impairments").

The sequential evaluation process for determining disability for children requires the child to show: (1) that he or she is not working; (2) that he or she has a "severe" impairment or combination of impairments; and, (3) that his or her impairment or combination of impairments is of listing-level severity, that is, the impairment(s) meets, medically equals, or functionally equals the severity of an impairment in the listings.  20 C.F.R. § 416.924.  Evaluation of whether a child meets or medically equals a listing uses the same analysis as for all claimants. 20 C.F.R. §§ 416.925, 416.926.  However, whether a child functionally equals a listing involves evaluation under the following six broad functional areas, called domains: (1) Acquiring and using information; (2) Attending and completing tasks; (3) Interacting and relating with others; (4) Moving about and manipulating objects; (5) Caring for yourself; and (6) Health and physical well-being.  20 C.F.R. § 416.926a(b)(1). If a child has 'marked' limitations in two of these domains or an 'extreme' limitation in one domain, the child's impairment(s) is functionally equivalent to a listed impairment.  20 C.F.R. § 416.926a(d).  A claimant has a marked limitation if his impairment(s) interferes seriously with his ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).   A claimant has an extreme limitation when his impairment(s) interferes very seriously with his ability to independently initiate, sustain, or complete activities.  20 C.F.R. § 416.926a(e)(3).

In her decision, the ALJ applied the sequential evaluation by noting that the Child had not engaged in substantial gainful activity (R. 15, 17); had the severe impairments of attention deficit hyperactivity disorder (ADHD) and asthma (R. 17); and, that these impairments, singly or in combination, did not meet, medically equal, or functionally equal any listing (R. 17-28). Specifically,

the ALJ determined that the Child had less than marked limitation in the first domain (acquiring and using information); less than marked limitation in the second domain (attending and completing tasks); marked limitation in the third domain (interacting and relating with others); no limitation in the fourth and fifth domains (moving and manipulating objects and caring for yourself); and less than marked limitation in the final domain (health and physical well being).  As such, the ALJ determined that the Child did not meet, medically equal or functionally equal the Listings, as the Child did not have "marked" limitations in two of these domains.

Plaintiff urges error in the ALJ's finding that the Child had a less than marked limitation in the second domain – attending and completing tasks.  In so contending, Plaintiff states that the ALJ "ignored" the opinion of consultative psychologist Joel Shuy.  Dr. Shuy examined the Child in January 2005, and, following an extensive battery of tests and examinations,[3] opined that the Child exhibited "marked" motor hyperactivity and distractibility; his attention and concentration was "markedly" impaired, even while on Adderall medication; his problem solving on nonverbal and verbal tasks was marked by significant impulsivity and vacillation between perseverative approaches and seemingly random approaches; he was too distracted to complete tasks; and suffered limited insight and judgment (R. 181-88).  The Commissioner asserts that the ALJ referenced this examination in her decision (*see* R. 20-21, 24) and thus obviously considered it, even if she did not explicitly weigh the opinion.  Moreover, the Commissioner points to the ALJ's adoption of the opinions of the two non-treating, non-examining state agency reviewers as providing adequate support for the finding, along with evidence that the Child improved on medication.

---

[3]The opinion notes that the Child was evaluated by review of the medical records and Social Security Administration forms, diagnostic interview and mental status examination; administration of the Wechsler Intelligence Scale for Children; administration of Wechsler Individual Achievement Test, Screener Subtests; and Developmental Test of Visual-Motor Integration.

In her decision, the ALJ sets forth the appropriate Social Security Regulations with respect to this domain, and then purports to apply those regulations to the Child (R. 24-5).  The ALJ's entire discussion regarding the Child's functional ability to attend and complete tasks reads, in total:

> The claimant has less than marked limitation in attending and completing tasks.  The medical evidence reveals that the claimant was diagnosed with attention deficit hyperactivity disorder.  At the psychological evaluation of January 12, 2005, the claimant's mother reported that her son was "too hyper" and did no[t] obey at home and school.  The psychologist indicated that the claimant's problem solving on both nonverbal and verbal tasks was marked by significant impulsivity.  He was often too distracted to complete tasks (Exhibit 2F).  At a psychiatric evaluation of August 30, 2004, the claimant's personality profile included hyperactivity, impulsivity, restlessness, short attention span, inability to concentrate, irritability, anger, frustration, and hostility (Exhibit 4F).  The claimant's first grade teacher indicated that the claimant has problems in attending and completing tasks, but he was doing better since he was started [sic] Adderall (Exhibit 1E).

(R. 24-25).

As is clear from this excerpt, as well as the detailed summary set forth earlier in the decision regarding this examination (R. 20-21), the ALJ did not "ignore" Dr. Shuy's report.  The problem, however, is that it is not enough to simply summarize the evidence, as here.  Mere reference is not analysis.  The Court cannot conduct a meaningful review if the ALJ fails to state what legal standards she applied or what weight she gave to the medical evidence.  *Ryan v. Heckler*, 762 F.2d 939, 942 (11th Cir. 1985).  Indeed, if the ALJ credited that report, an interpretation fairly made from the discussion quoted above, than her conclusion of a less than marked limitation is inexplicable and not supported by substantial evidence.  This is especially true, given the other evidence cited (apparently with approval) by the ALJ.  See, for example, the August 2004 evaluation noting short attention span, restlessness and inability to concentrate; school reports that the Child had problems attending and completing tasks; testimony that the Child had to repeat two of the three grades he attended.  If, as appears to be argued by the Commissioner, the ALJ implicitly discredited the conclusion, the failure

-7-

to explain why renders review impossible. *See Vuxta v. Cmm'r of Soc. Sec*., 194 Fed. Appx. 874, 876-77 (11th Cir. 2006) (unpublished) (Failure to explain the weight given to a medical opinion is reversible error); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (The ALJ is required to state with particularity the weight she gives to different medical opinions and the reasons why); *see also Hill v. Barnhart*, 2007 WL 438161, 13 (N.D. Ga. 2007).

Nor is this defect remedied by the ALJ's reliance on the opinions of non-examining state agency psychologists or physicians.  The ALJ noted that one state agency consultant opined in July 2005, that the Child had less than marked limitations in the first three domains and no limitations in the last three (R. 22).  Earlier, a different psychologist opined that the Child had no limitation in the first, fourth, fifth and sixth domain, and less than marked limitations in acquiring and using information and attending and completing tasks (R. 21).  Another state agency consultant opined in August 2005 that, as a result of the Child's asthma, the Child had less than marked limitation in the last two domains (R. 21).  The ALJ gave the July and August opinions "significant weight . . .because they are consistent with the medical and other evidence when reviewed in its entirety, but gives the claimant marked limitation in interacting and relating with others based on his behavior and conduct." (R. 22-23).  Crediting these two opinions does not excuse the failure to weigh all the evidence, nor do these opinions, by themselves, constitute "substantial evidence."

In this circuit, the reports of reviewing nonexamining physicians without more do not constitute substantial evidence on which to base an administrative decision.  *See Spencer on Behalf of Spencer v. Heckler*, 765 F.2d 1090 (11th Cir. 1985) (reports of physicians who do not examine claimant, taken alone, do not constitute substantial evidence);  *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988) ( "The opinions of nonexamining, reviewing physicians, ... when contrary to those

of examining physicians are entitled to little weight ...");  *Sharfarz v. Bowen*, 825 F.2d 278, 279-80 (11th Cir. 1987) (accord, also noting that the ALJ must state with particularity the weight she gives to medical opinions and the reasons why).  *See also* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1) (recognizing that greater weight is generally given to the opinions of examining medical sources than to the opinions of nonexamining sources) and *Markell v. Astrue,* 2007 WL 4482245, 4 (M.D. Fla. 2007) (accord).  Moreover, no mention is made of these reports in the discussion of the Child's ability to attend and complete tasks.  Indeed, the *only* piece of evidence cited in that discussion that could possibly support the ALJ's conclusion of less than marked limitation is the comment that the Child's first grade teacher said he was doing better since he started medication.  In view of the more recent reports submitted to the Appeals Council, noting that the Child had to stop taking his medication, due to abnormal liver tests (R. 258-258A, 261), this lone comment does not constitute substantial evidence supporting a less than marked limitation in this domain.

A final note is in order.  The record, as supplemented, clearly reflects a child with serious difficulties.  While the Court cannot find that no other conclusion can be reached but that these impairments establish disability as a matter of law, it does find that the regulations with respect to childhood disability require particularly meticulous review of all of the evidence of record and a particularly clear explanation as to the ALJ's reasons for each finding, due to the requirement of specific findings in each domain.  As the Court finds that such is lacking with respect to the second domain, the administrative decision must be reversed.

### CONCLUSION

The ALJ's decision is not supported by substantial evidence and was not made in accordance with proper legal standards.  As such, the administrative decision is **reversed** and the matter is

**remanded** to the Commissioner for reconsideration of the entire administrative record, including the records presented to the Appeals Council, and for a clear explanation as to the weight afforded Dr. Shuy's assessment.  The Clerk is directed to enter judgment accordingly and to close the file.

      **DONE** and **ORDERED** in Orlando, Florida on April 17, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-10-